# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| JEANNETTE FOWLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. 3:10-CV-386 |
| | ) |
| SOUTH BEND POLICE DEPARTMENT, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on another complaint filed by Jeannette Fowler. For the reasons set forth below, the *in forma pauperis* petition (DE# 2) is **DENIED** and this case is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

BACKGROUND

In this complaint, Fowler alleges that on September 5, 2010, a South Bend police officer told a crowd of 15 of her neighbors that a 911 call had been placed by her from her apartment. Fowler denies that she called 911 to report her neighbors for having a party or a bonfire.

DISCUSSION

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless,

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted.

28 U.S.C. § 1915(e)(2)(B)(ii).

Here, Fowler is attempting to present a claim for "Defamation of Character." (DE# 1 at 3). She presents this claim pursuant to 42 U.S.C. § 1983. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Though Fowler has alleged that the police officer acted under color of state law, claims for slander or defamation are not actionable under § 1983. *See Paul v. Davis*, 424 U.S. 693, 712 (1976) ("[W]e hold that the interest in reputation asserted in this case is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law.") Therefore, Fowler was not deprived of a federal constitutional right and this complaint does not state a claim for which relief can be granted.

CONCLUSION

For the reasons set forth above, the *in forma pauperis*

petition (DE# 2) is **DENIED** and this case is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**DATED: September 20, 2010**          **/s/RUDY LOZANO, Judge**
                                                           **United States District Court**